(No. 90-CC-0680—■■■■■■

ANDREW ROBINSON, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed August 8, 1991.*

*Order filed January 28, 1992.*

ANDREW ROBINSON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (FRANK HESS,
Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of
Corrections, seeks damages from Respondent, State of
Illinois, for the value of personal property claimed to
have been lost by Claimant through the fault or neglect
of Respondent or its agents. Claimant alleges a loss of
$665.00.

On May 18, 1988, Claimant alleges that Respon-
dent's agents lost or misplaced Claimant's property
during his stay in segregation. Claimant discovered his
loss upon his release from segregation on January 17,
1989, and his personal property was never returned.
Nearly half of the money damages sought by Claimant
are sought for mental and psychological anguish and
disorders allegedly sustained by Claimant as a result of
his loss of personal property.

Claimant's grievances before the institutional inquiry board resulted in a finding that Claimant signed a receipt dated 5-23-88 in which he represented that he had received all of his personal property; thus, his grievance was denied. This finding was affirmed by the administrative review board at their meeting on Friday, September 1, 1988.

At the hearing in this cause, Claimant testified that on May 18, 1988, he was at the chapel and received a disciplinary ticket at 3:20 p.m. He left his cell a little bit before 8:00 in the morning, and the property was in his cell when he left. He received a disciplinary ticket before returning to his cell, and was immediately "walked to seg" without being allowed to pack or inventory his property. On May 22, 1988, four days later, Claimant received part of his property. At that time, Claimant assumed that his 8-track player, fan and TV set were being held in the personal property office. Claimant identified a form document out of the departmental report dated 5-18-88 which bore his name, and listed a pair of headphones, a guitar, a razor, and two boxes of 8-track tapes that were delivered to Claimant by Officer Chandler, and Claimant declined to sign the list because the list failed to include Claimant's audio visual equipment or his 8-track tape player. Claimant inquired of Officer Chandler as to the whereabouts of the items of property not listed on the inventory.

Officer Gregory testified that he had given Claimant a hand written statement, that he would testify that he placed Claimant's 8-track tape player, fans and other things in a box, and placed that box in the East Cell House cage. Officer Gregory remembered the incidents specifically, since he remembered that the Claimant had engaged in an altercation with another officer. The

officer did not do the inventory of Claimant's property and could not remember if there was a TV with the property he placed in the sergeant's cage.

Claimant admitted that he signed the inmate personal property receipt dated 5-23-88 indicating that he had received all of his personal property.

Officer John T. Gultman was the segregation personal property officer and investigated Claimant's allegations involved in the case at bar. Gultman examined the inventory sheets dated 5-23-88 contained in the departmental report, and found that when Claimant went to segregation on 5-18-88, "he had none of the above mentioned that he is talking about missing * * *." Gultman reviewed his records and found that Claimant reported his 8-track AM-FM radio stolen on May 6, 1984, and it was again listed as missing on 12-21-87. Gultman concluded that all of the property Claimant claims to have lost was not in his possession at the time he went to segregation. Gultman stated that all State loan property is taken from inmates when they go to segregation. Furthermore, inmates are not permitted to have multiple items of property. Inmates can have only one TV, one radio, one fan, and so on. Officer Gultman was a candid and truthful witness.

Claimant failed to demonstrate by a preponderance of the evidence that his personal property came into the voluntary exclusive possession of Respondent. Claimant's theory is predicated on the proposition that since he received a disciplinary ticket and was "walked to seg," Respondent became an insurer of the value of Claimant's property. This theory cannot prevail. There was no direct evidence of negligence in the handling of Claimant's property by any of Respondent's agents. The evidence raises serious questions as to whether Claimant

ever possessed the property which he now claims was lost or misplaced as a result of the fault or neglect of Respondent or its agents.

Wherefore, it is hereby ordered that this claim is denied.

## ORDER

Burke, J.

This Court being presented with Claimant's request to reconsider, and the Court being fully advised in the premises;

It is hereby ordered that Claimant's motion is denied.